## Case No. 7,489.

JONES v. The PHOENIX.

[1 Pet. Adm. 201.] [1]

District Court, D. Pennsylvania. 1800.

BY THE COURT. The log-book is, by act of congress, made legal evidence in proof of desertion, but is not incontrovertible and conclusive. It ought not to be admitted to any fact, but that in which the act of congress permits it to be evidence. Independent of the plain construction of the act, there are other objections. I have seen attempts to deceive by such entries. In one case it was proved before me, that the captain had made an entry in the log-book, in a blank accidentally left by the mate, of a seaman's desertion. On a careful and clear investigation it was proved that the entry was false in point of fact, and calculated to gratify a malicious, personal antipathy. I have generally been averse, as I am in this case, to admitting masters of ships as witnesses, in disputes with mariners. I do not believe, or suspect, that masters of ships are liable to any more or peculiar objections, than any other class of citizens. But it so happens, from their situation, that differences and disputes, and consequently strong prejudices, most commonly originate between the master and mariners; and the merchant is govern-

ed by the master's representation. The master is personally liable for wages, though the seaman may proceed in rem, against the ship, or in personam, against the owner. It is his interest to throw the responsibility off himself. If the vessel is not valuable enough to discharge the lien, or the owner is in bad circumstances, and the master solvent, he must pay the debt. Instances have not been wanting in this court where unjustifiable endeavours have been made, by masters, to charge the ship with seaman's wages. In some cases, where funds had been furnished and misapplied; in others, to secure themselves. But suppose the master's testimony given in a proceeding in rem, and a decree on the merits against the demand, the success of the seamen in a prosecution in personam thereafter, if their circumstances permitted further proceeding, would be hopeless. I would not be understood, so to apply particular instances, as to affect general character or principles, but a practice liable to great abuses, ought to be avoided, and other testimony may be procured. The law removes from testimony, persons even remotely interested; especially where their testimony is not the only proof which can be obtained. Having, on the admiralty side of this court, to judge of both competency and credit, I wish to avoid exposing myself to the painful task, of rejecting testimony for want of credit. Although I might not be often placed in this predicament, yet such a situation might occur. The line between competency and credit is often imperceptible, and difficult to draw.